| 1040 (Form 1040) (12/15) | | |
|---|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | | **ADVERSARY PROCEEDING NO.** |
| **PLAINTIFF(S)** | **DEFENDANT(S)** | |
| **ATTORNEY(S)** (Firm Name, Address, Telephone No.) | **ATTORNEY(S)** (If Known) | |
| **PARTY** (Check One Box Only)<br>　Debtor　　U.S. Trustee<br>　Creditor　Trustee　　Other | **PARTY** (Check One Box Only)<br>　Debtor　　U.S. Trustee<br>　Creditor　Trustee　　Other | |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

**NATURE OF SUIT**
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>　11 – Recovery of money/property - § 542 turnover of property<br>　12 – Recovery of money/property - § 547 preference<br>　13 – Recovery of money/property - § 548 fraudulent transfer<br>　14 – Recovery of money/property – other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>　21 – Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>　31 – Approval of sale of property of estate and of a co-owner - § 363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>　41 – Objection/revocation of discharge - § 727(c), (d), (e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>　51 – Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>　66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims<br>　62 – Dischargeability - § 523(a)(2), false pretenses, false representation,<br>　　　actual fraud<br>　67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement,<br>　　　larceny<br>　**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>　61 – Dischargeability - § 523(a)(5), domestic support<br>　68 – Dischargeability - § 523(a)(6), willful and malicious injury<br>　63 – Dischargeability - § 523(a)(8), student loan<br>　64 – Dischargeability - § 523 (a)(15), divorce or separation obligation<br>　　　(other than domestic support)<br>　65 – Dischargeability – other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>　71 – Injunctive relief – imposition of stay<br>　72 – Injunctive relief – other<br><br>**FRBP 7001(8) – Subordination of Claim or Interest**<br>　81- Subordination of claim or interest<br><br>**FRBP 7001(9) – Declaratory Judgment**<br>　91 – Declaratory judgment<br><br>**FRBP 7001(10) – Determination of Removed Action**<br>　01 – Determination of removed claim or cause<br><br>**Other**<br>　SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.<br>　02 – Other (e.g.,other actions that would have been brought in state court<br>　　　if unrelated to bankruptcy case) |
| 　Check if this case involves a substantive issue of state law | 　Check if this is asserted to be a class action under FRCP 23 |
| 　Check if a jury trial is demanded in complaint | Demand: $ |

Other Relief Sought:

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. ||
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
|---|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. ||
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||  PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||
| DATE ||||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**DarrowEverett LLP**
*Attorneys for Yossef Kahlon*
1 SE 3rd Ave, Suite 2520
Miami, FL 33131
Telephone: (305) 686-5159
David H. Haft, Esq.
Email: dhaft@darroweverett.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

ERICA ITZHAK,

                      Debtor.

------------------------------------------------------------x
YOSSEF KAHLON,

                      Plaintiff,

    – v –

ERICA ITZHAK,

                      Defendant.

------------------------------------------------------------x

Chapter 11

Case No.: 24−10669−jpm

Adv. Proceeding No. 25-_____ (JPM)

## **COMPLAINT SEEKING NON-DISCHARGEABILITY OF DEBT**

     YOSSEF KAHLON ("Plaintiff"), by and through his undersigned counsel, files this Complaint against ERICA ITZHAK (the "Defendant" or "Debtor"), seeking a determination that the debt owed to Plaintiff is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), and in support thereof, states as follows:

## JURISDICTION, VENUE, and PARTIES

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This adversary proceeding is brought pursuant to 11 U.S.C. § 523 and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff Yossef Kahlon is an individual with a mailing address of 9 Straham Court, Great Neck, NY 11023.

6. Defendant Erica Itzhak is the debtor in the above-captioned Chapter 11 case. The Debtor is a resident of the State of New York, is a licensed attorney, and purports to reside at 345 East 56th Street, Apt 4D, New York, NY 10022.

## FACTUAL BACKGROUND

7. The Debtor is a licensed attorney in the State of New York.

8. In or around 2014, Plaintiff retained the Debtor to represent him in connection with a real estate transaction involving significant commercial property interests.

9. As Plaintiff's attorney, the Debtor owed Plaintiff fiduciary duties, including duties of loyalty, care, and honesty.

10. During the course of the representation, the Debtor provided legal advice to Plaintiff that was materially false, misleading, and contrary to established law.

11. Specifically, the Debtor falsely advised Plaintiff that:

a. Certain contractual provisions in the transaction documents were enforceable when the Debtor knew or should have known they were not;

b. Plaintiff's legal position was supported by applicable law when the Debtor knew or should have known it was not; and

c. Plaintiff had legal remedies available that the Debtor knew or should have known were not viable.

12. The Debtor knowingly and intentionally provided these false statements and concealed material information with the intent to deceive Plaintiff and to induce Plaintiff to continue the engagement and pay legal fees.

13. Plaintiff reasonably relied on the Debtor's advice and representations to his detriment.

14. As a direct and proximate result of the Debtor's misconduct, Plaintiff suffered substantial damages, including but not limited to:

a. Loss of valuable property rights;

b. Liability to third parties;

c. Additional legal fees to correct the Debtor's errors; and

d. Lost business opportunities.

15. Thereafter, in March 2016, Plaintiff commenced a legal malpractice action against the Debtor in the Supreme Court of the State of New York, County of Nassau under Index No. 601659/2016 (the "Malpractice Action").

16. In the Malpractice Action, Plaintiff alleged that the Debtor had committed legal malpractice, breach of fiduciary duty, and fraud in connection with her representation of Plaintiff.

17. The Debtor was properly served with the complaint in the Malpractice Action and had a full and fair opportunity to defend against the allegations.

18. On August 31, 2021, after full litigation on the merits, the Court in the Malpractice Action granted summary judgment in favor of Plaintiff against the Debtor in the amount of $1 million with interest from September 27, 2016.

19. On April 29, 2022, a judgment was entered against the Debtor in the Malpractice Action in the amount of $1,503,013.70 (the "Judgment").

20. The findings in the Malpractice Action established that the Debtor's conduct was knowing, willful, and malicious, and constituted a breach of her fiduciary duties to Plaintiff.

21. On April 19, 2024, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, which was later converted to a Subchapter V Chapter 11 case on June 28, 2024.

## **COUNT I - NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)**

22. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge under section 1141 does not discharge a debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

24. The Debtor obtained money from Plaintiff in the form of legal fees through false pretenses, false representations, and actual fraud by:

    a. Making material misrepresentations regarding the legal advice provided to Plaintiff;

      b. Knowing that such representations were false when made;

      c. Making such representations with the intent to deceive Plaintiff and to induce Plaintiff to pay legal fees; and

      d. Plaintiff justifiably relied on such representations to his detriment.

25. The Debtor's fraudulent conduct was established in the Malpractice Action, and the Judgment constitutes a debt for money obtained by false pretenses, false representations, and actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

26. By reason of the foregoing, the debt evidenced by the Judgment should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

## COUNT II - NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)

27. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

28. Section 523(a)(4) of the Bankruptcy Code provides that a discharge under section 1141 does not discharge a debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

29. At all relevant times, the Debtor was acting in a fiduciary capacity as Plaintiff's attorney.

30. The attorney-client relationship creates a fiduciary relationship as a matter of law, imposing on the attorney the highest duty of loyalty and care to the client.

31. The Debtor's fraud and defalcation while acting in a fiduciary capacity were established in the Malpractice Action, and the Judgment constitutes a debt for fraud or defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).

32. By reason of the foregoing, the debt evidenced by the Judgment should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

## COUNT III - NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

33. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

34. Section 523(a)(6) of the Bankruptcy Code provides that a discharge under section 1141 does not discharge a debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

35. The Debtor willfully and maliciously injured Plaintiff by, without limitation:

   a. Intentionally concealing material information with knowledge that such concealment would cause harm to Plaintiff; and

   b. Consciously disregarding her duties as an attorney with knowledge that her actions would cause harm to Plaintiff.

36. The Debtor's actions were deliberate and intentional and were substantially certain to cause injury to Plaintiff.

37. The Debtor's actions were malicious in that they were wrongful, without just cause or excuse, and committed with conscious disregard of her duties as an attorney.

38. The Debtor's willful and malicious injury to Plaintiff was established in the Malpractice Action, and the Judgment constitutes a debt for willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6).

39. By reason of the foregoing, the debt evidenced by the Judgment should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiff Yossef Kahlon, respectfully requests that this Court enter a judgment in favor of Plaintiff and finding and determining that Kahlon's claim against Defendant Erica Itzhak arising in connection with the Malpractice Action, and the Judgment, is non-dischargeable, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York

March 14, 2025

Respectfully submitted,

 /s/David H. Haft

David H. Haft
Email: dhaft@darroweverett.com
**DarrowEverett LLP**
1 SE 3rd Ave, Suite 2520
Miami, FL 33131
Telephone: (305) 686-5159
*Attorneys for Plaintiff*